**John P. CAHILL, Plaintiff-Appellant,**

**v.**

**ARTHUR ANDERSEN & COMPANY, a Partnership enterprise, Defendant-Appellee.**

**John P. CAHILL, Plaintiff-Appellant,**

**v.**

**Robert CHAMBERS, J. Kevin Murphy, Joseph F. Carlino, James E. Healey, Marc C. Gillen and John Does 1–5, Defendants-Appellees.**

**No. 1029, Docket 87–7059.**

United States Court of Appeals, Second Circuit.

Argued April 28, 1987.

Decided June 29, 1987.

John P. Cahill, New York City, pro se.

Bertrand C. Sellier, New York City (Sidney H. Stein, Stein, Zauderer, Ellenhorn, Frischer & Sharp, New York City, on the brief), for defendant-appellee Arthur Andersen & Co.

Daniel G. Gurfein, New York City (James F. Rittinger, David G. Curran, Satterlee & Stephens, New York City, on the brief), for defendant-appellee Chambers.

Julian Jawitz, Mineola, N.Y. (Carlino, Lefkowitz, Bornes & Bolstad, P.C., Mineola, N.Y., on the brief), for defendants-appellees Murphy, Carlino, Haley and Gillen.

Before FEINBERG, Chief Judge, KEARSE and WINTER, Circuit Judges.

PER CURIAM:

Plaintiff *pro se* John P. Cahill appeals from a December 22, 1986 judgment en-

tered in the United States District Court for the Southern District of New York ("1986 Judgment"), Miriam Goldman Cedarbaum, *Judge,* (1) summarily dismissing his complaint against defendant Arthur Andersen & Company ("Andersen"), which alleged that Andersen had conspired with others in violation of, *inter alia,* the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* (1982), and § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) (1982), to force Cahill to sell his interest in Corporate Time-Sharing Services, Inc., and (2) denying his motion pursuant to Fed.R.Civ.P. 60(b) to vacate the judgment in *Cahill v. Chambers,* 82 Civ. 6327 (S.D.N.Y. Apr. 14, 1983) ("1983 Judgment"), which had been entered pursuant to an agreement among all of the parties therein, who did not include Andersen, to settle Cahill's similar claims against the defendants therein. We find no abuse of discretion in the denial of relief from the 1983 Judgment, and we affirm the 1986 Judgment on the ground that the 1983 Judgment constituted res judicata for the reasons stated by Judge Cedarbaum in her opinion dated December 17, 1986, published at 659 F.Supp. 1115.