15-967-pr
*Rossi v. Stevens, et al.*


UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand sixteen.

Present:
> PETER W. HALL,
> GERARD E. LYNCH,
> DENNY CHIN,
> > *Circuit Judges.*

_____

RUDOLPH ROSSI,

> *Petitioner-Appellant*,

> v.                                                                 No. 15-967-pr


OFFICER B. STEVENS, OFFICER, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY, ET AL.,

> *Respondents-Appellees.*

_____

For Petitioner-Appellant:          ANGELICA HALAT, NINA TROVATO, Melissa Powers, Michelle Ferrare, and Jonathan Romberg, Esq. (counsel of record), Seton Hall University School of Law, Center for Social Justice, Newark, NJ.

1

For Respondents-Appellees: ANDREW W. AMEND, Senior Assistant Solicitor General; Barbara D. Underwood, Solicitor General *for* Eric T. Schneiderman, Attorney General of the State of New York, David Lawrence III, Assistant Solicitor General; New York, NY.

_____

Appeal from a judgment of the United States District Court for the Southern District of New York (Seibel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED**.

Rudolph Rossi appeals from a March 16, 2015 order entered in the United States District Court for the Southern District of New York denying his FRCP 60(b)(6) motion. In 2004, Rossi commenced the underlying 42 U.S.C. § 1983 action against the Appellees for violating Rossi's constitutional rights. Following a jury trial, Appellees were found liable. Rossi was awarded compensatory and punitive damages. The parties negotiated a post-trial settlement. The district court entered an order incorporating the terms of the settlement agreement and dismissing Rossi's claims with prejudice ("settlement agreement order"). Four years later, Rossi filed a FRCP 60(b)(6) motion seeking, *inter alia*, to have the district court vacate the settlement agreement order because the Appellees had violated one of the terms of the settlement agreement by failing to expunge Rossi's disciplinary record. The district court denied the motion. Rossi appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below we vacate the district court's order in part and remand for further consideration of Rossi's motion.

2

"We review district court rulings on Rule 60(b) motions for abuse of discretion." *Rodriguez v. Mitchell*, 252 F.3d 191, 200 (2d Cir. 2001) (internal quotation omitted). FRCP 60(b)(6) states that "the court may relieve a party . . . from a final judgment, order, or proceeding for . . . any . . . reason that justifies relief." Fed. Rule Civ. Pro. 60(b)(6). FRCP 60(b)(6) is a "mechanism for extraordinary judicial relief invoked only if the moving party demonstrates exceptional circumstances." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (internal quotation omitted). "A motion for relief from judgment is generally not favored . . . ." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). Rossi bears the burden of showing that his circumstances are exceptional. *Id.*

Rossi argues that his circumstances are exceptional because Appellees' failure to expunge his record was a material breach of the settlement agreement that prevented him from obtaining parole and, thus, the settlement agreement order should be vacated. The district court rejected this argument because Rossi could bring a separate action for breach of contract or fraud in state court. We find no abuse of discretion in the district court's decision in this regard. The availability of alternative causes of action or remedies for injuries flowing from a breach of a settlement agreement is a permissible rationale for denying relief under FRCP 60(b)(6). *See e.g., Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115, 1128–29 (S.D.N.Y. 1986), *aff'd*, 822 F.2d 14 (2d Cir. 1987).

Rossi further argues, *inter alia*, that his motion should be construed as a request that the district court enforce the settlement agreement. We agree. It is understandable that the district court did not recognize that Rossi's motion sought that remedy, since his papers so strongly emphasized his request to reopen the judgment pursuant to Rule 60(b). However, as a *pro se* litigant below, Rossi's motion must be read "liberally and interpreted to raise the strongest

3

arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation and emphasis omitted). Although Rossi has styled his motion as one brought under FRCP 60(b)(6), his request for a judgment against the defendants for breach of contract can also be understood as a request for the district court to assert its ancillary jurisdiction to enforce the settlement agreement through an award of damages. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994) (noting that a court retains ancillary jurisdiction over enforcement of a settlement agreement "by incorporating the terms of the settlement agreement in the order" of dismissal). Defendants, indeed, conceded at oral argument that the district court has jurisdiction to grant such relief. Accordingly, we remand for the district court to consider Rossi's motion for the district court to address his breach of contract claim.

While conceding that the district court has ancillary jurisdiction to enforce the settlement agreement, defendants argue that such jurisdiction is discretionary, and that the district court may choose to leave the matter to a separate law suit. Rossi disputes this contention, citing to our statement in *Geller v. Branic International Realty Corp.*, that the district court has a "duty to enforce the stipulation [containing a settlement agreement] that it has approved." 212 F.3d 734, 737 (2d Cir. 2000). This question was not presented to the district court, and we leave it to that court to consider it in the first instance, as well as to decide (if it concludes that the jurisdiction is discretionary) what factors should be considered in exercising its discretion.

Finally, we note that we have benefitted from excellent pro bono assistance provided to Rossi in this Court. We leave it to the sound discretion of the district court whether it is advisable to appoint counsel for Rossi on remand.

4

Accordingly, we **AFFIRM** in part and **VACATE** in part the order of the district court and **REMAND** for further proceedings.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk