**Cynthia R. GELLER, Plaintiff–Appellee,**

v.

**BRANIC INTERNATIONAL REALTY CORP. and Hank S. Freid, Defendants–Appellants.**

**Docket No. 99–9009.**

United States Court of Appeals, Second Circuit.

Argued April 11, 2000.

Decided May 8, 2000.

Ronald J. Rosenberg, Garden City, N.Y. (Leslie A. Reardon, Rosenberg Calica & Birney, Garden City, N.Y., on the brief), for defendants-appellants.

Susan Ritz, New York, N.Y. (Miriam F. Clark, Steel Bellman Ritz & Clark, New York, N.Y., on the brief), for plaintiff-appellee.

Before: NEWMAN, KEARSE, and KATZMANN, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This appeal concerns the effect of a district court's "so ordering" a stipulated settlement that requires the court to exercise its power to seal a case file. Branic International Realty Corp. and Hank S. Freid appeal from an order of the United States District Court for the Southern District of New York (Kimba M. Wood, Judge) denying their request to seal the file of a case that was settled by a stipulated order. Because the District Court could decline to enforce the sealing requirement of the stipulation it had ordered only in very

limited circumstances not yet shown to exist, we vacate the order and remand.

## Background

In April 1996, Appellee Cynthia Geller was hired by Appellant Branic International Realty Corp. ("Branic") as an administrative assistant to Appellant Hank S. Freid, then-President of Branic. In November 1996, Geller filed a sexual discrimination charge against the Appellants with the New York State Division of Human Rights. After learning of the complaint, the Appellants placed Geller on paid leave. Geller and the Appellants subsequently entered settlement negotiations, and an agreement in principle was reached around August 1997. However, by October 1997, the Appellants decided not to proceed with the settlement, and refused to tender the settlement agreement to Geller for her execution.

After the initial settlement negotiations failed, Geller filed this suit against the Appellants [1] in the District Court. The Complaint alleged several claims arising out of the alleged workplace harassment, as well as a claim that a settlement contract existed and was enforceable. Contemporaneously, Geller requested that the Court seal the complaint, in order to avoid breaching the confidentiality provision of the settlement agreement that she was seeking to enforce.

The District Court (James C. Francis IV, Magistrate Judge) ordered the file sealed pending the determination of the Appellants' motion for partial summary judgment on the breach of settlement claims. Magistrate Judge Francis, deeming the settlement agreement unenforceable, granted the motion. Geller declined to file objections to the Report and Recommendation, and asked the Court to lift the order sealing the file in order to prosecute the underlying sexual harassment and assault claims. Magistrate Francis granted

the request, deeming the suit "a straightforward sexual harassment case" that did not present "the type of urgent circumstance that justifies sealing." Endorsement Order (Sept. 24, 1998). The District Court adopted the Report and Recommendation and granted the motion for partial summary judgment. *See* Opinion and Order (Oct. 14, 1998).

Despite the failure of the first settlement effort, the parties ultimately executed a stipulation settling the lawsuit. The settlement agreement contained several specific confidentiality provisions. The last paragraph of the settlement stated: "This action is hereby dismissed with prejudice and the parties agree that this stipulation and the file herein shall be placed under seal, shall remain confidential and shall not be accessible to the public." ¶ 25. The stipulated settlement was "so ordered" by Judge Wood on March 18, 1999. The District Court dismissed and discontinued the action without prejudice to the parties' rights to "reopen the action within thirty (30) days if the settlement is not consummated." Order (Mar. 18, 1999). No such motion was filed.

In May 1999, the Appellants learned that only the stipulated settlement agreement, but not the entire case file, had been sealed. The Appellants wrote to the District Court requesting the Court to seal the entire file. The District Court ruled that good cause for sealing the entire file had not been shown, and stated that counsel was free to make an appropriate motion for sealing the entire file. *See* Endorsed Order (May 21, 1999). The Appellants subsequently attempted to clarify their request by informing the Court that they were not making an original application to seal the file, but rather were seeking to have the Court implement the sealing provision of the settlement that had been "so ordered." The District Court responded that counsel was "mis-

---

**1.** Although Geller's action also named as defendants the attorney and firm involved in the initial settlement negotiations and alleged breach, they are not now involved in this suit, as parties or as counsel.

taken in believing that an agreement to seal a file suffices, under Second Circuit law, to justify sealing," and again instructed the Appellants to show good cause under Second Circuit law for sealing the entire file. Endorsed Order (June 8, 1999).

The Appellants filed a letter brief arguing that good cause existed for the sealing of the entire file. The District Court denied the motion on the basis that the Appellants had failed to show good cause for sealing the file. *See* Opinion and Order (July 29, 1999). From that ruling, the Appellants appeal.

### Discussion

■ The Appellants argue that the District Court applied an incorrect standard in refusing to seal the case file.[2] We agree. Once the District Court "so ordered" the settlement agreement, which included a provision for sealing the case file, it was required to enforce the terms of the agreement, including the obligation imposed on the Court, unless the limited circumstances existed that permit the modification of "so-ordered" stipulations.

■ We have often compared stipulated settlements to contracts, and we have consistently applied the law of contract to disputes concerning the construction and enforcement of settlements. *See, e.g., Red Ball Interior Demolition Corp. v. Palmadessa,* 173 F.3d 481, 484 (2d Cir.1999); *Huertas v. East River Housing Corp.,* 992 F.2d 1263, 1266–67 (2d Cir.1993). A district court that "so orders" a stipulated settlement is not, strictly speaking, a party to a contract. However, when a district court "so orders" a stipulated settlement, it does accept some obligations. The clearest obligation is a duty to enforce the stipulation that it has approved. *See Sanchez v. Maher,* 560 F.2d 1105, 1108 (2d Cir.1977). In many cases, a stipulated settlement will contemplate actions that are not within the power of the litigants to perform, but rather lie within the power of the district court ordering the settlement. When a district court "so orders" a settlement containing such provisions, it is, with some limited exceptions, obliged to perform.

*City of Hartford v. Chase,* 942 F.2d 130 (2d Cir.1991), illustrates these principles. In that case, the City of Hartford and a group of developers had settled a dispute arising from an agreement to build two office buildings. The District Court filed an order adopting the parties' stipulated settlement. The order included a confidentiality order providing that the court file would be sealed and barring the parties from disclosing all other documents related to the dispute. A newspaper subsequently intervened in the case and moved to vacate the confidentiality order. The District Court denied the newspaper's motion, but interpreted the Court's confidentiality order to allow the Connecticut Freedom of Information Commission ("FOIC") to compel the City to disclose confidential materials in its possession.

We reversed. We first concluded that the District Court had effectively rewritten the confidentiality order to cover only the court file, leaving documents in the parties' possession subject to disclosure in an FOIC proceeding. *See id.* at 134. Applying principles of contract law, we determined that the District Court's interpretation and narrowing modification of the order was incompatible with the order's plain language. *See id.* at 134–35.

We then discussed the role of a district court in initially approving a settlement agreement that includes a confidentiality order. *See id.* at 135–136; *see also id.* at 137–38 (Pratt, J., concurring separately). We emphasized that a district court should

---

**2.** Geller does not contest the Appellants' arguments for reversal. In light of our disposition of this case, we need not consider the parties' arguments concerning whether sealing the file was a material provision of the settlement agreement that might justify rescission of the settlement were the sealing not to occur.

carefully scrutinize the terms of a stipulated confidentiality order before endorsing it. Once the order is approved, however, "regardless of what the district court had in mind at the time it signed the [order], ... the [o]rder must be interpreted as it[s] plain language dictates." *City of Hartford,* 942 F.2d at 135.

In the present case, the District Court "so ordered" a settlement agreement that included a provision for sealing the entire file. However, the Court did not seal the file and later ruled that the Appellants had to present good cause before the file could be sealed. Under the principles of *City of Hartford,* this was a misinterpretation of the initial order. The District Court undervalued the significance of "so ordering" the settlement and did not appreciate that, upon approval of the settlement, its requirement of sealing the file had to be implemented.

██ Of course, when a district court *initially* considers a request to seal a file or to approve or take other protective measures, it enjoys considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents filed in our courts. However, after a district court has approved a sealing order, discretion of that breadth no longer exists. Although a district court has power to modify a protective order, *see In re "Agent Orange" Product Liability Litigation,* 821 F.2d 139, 145 (2d Cir.1987), the required showing must be more substantial than the good cause needed to obtain a sealing order in the first instance. "[A]bsent a showing of improvidence in the grant of a Rule 26(c) protective order or some extraordinary circumstance or compelling need ... a witness should be entitled to rely upon the enforceability of a protective order...." *Martindell v. International Telephone & Telegraph Corp.,* 594 F.2d 291, 296 (2d Cir.1979). This rigorous approach is especially appropriate as to any modification of a protective order that is proposed to a court as part of a settlement. Thus, the District Court should have implemented the terms of the settlement agreement and sealed the file. We do not rule out the possibility that, upon remand, the District Court might find such compelling circumstances as would justify modification of the sealing requirement.

Vacated and remanded.