12-87-cv
In re: World Trade Center Disaster Site Litigation

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
_____

August Term, 2012

(Argued: May 30, 2013                    Decided: July 16, 2013)

Docket No. 12-87-cv
_____

IN RE: WORLD TRADE CENTER DISASTER SITE LITIGATION
_____

ZOILA CORTEZ, ET AL.,

*Plaintiffs,*

MIGUEL ALFARO LOBO, ET AL.,

*Plaintiffs-Appellants,*

-*v.*-

CITY OF NEW YORK, ET AL.,

*Defendants-Appellees.*
_____

Before:

WINTER AND HALL, *Circuit Judges*, AND SESSIONS, *District Judge.*[*]

_____

Plaintiffs, who worked as office cleaners in buildings surrounding the World Trade

Center disaster site on and after the terrorist attacks of September 11, 2001, appeal from an Order

of the United States District Court for the Southern District of New York (Hellerstein, *J.*)

denying their motion for an extension of time to comply with the district court's prior Order to

---

[*] The Honorable William K. Sessions III, of the United States District Court for the District of
Vermont, sitting by designation.

submit properly certified discovery responses, and dismissing their complaints with prejudice for failure to prosecute their cases. The district court rejected certain plaintiffs' interrogatory answers as not compliant with 28 U.S.C. § 1746, which provides that where the truth of a writing is required by law to be sworn to, a written certification by the declarant that the writing is "true and correct" "under penalty of perjury" shall be sufficient. Specifically, we hold that plaintiffs' statement in their interrogatory answers acknowledging that "if any of the foregoing responses are willfully false, I am subject to punishment," is not sufficient under § 1746. Accordingly, we affirm the judgment of the district court.

AFFIRMED.

————————————————

> DENISE A. RUBIN (Paul J. Napoli, W. Steven Berman, on the brief), Worby Groner Edelman & Napoli Bern, LLP, New York, NY, *for Plaintiffs-Appellants*.
>
> LEE ANN STEVENSON, Kirkland & Ellis LLP, New York, NY, Richard E. Leff, McGivney & Kluger, P.C., New York, NY, *for Defendants-Appellees*.

————————————————

PER CURIAM:

Plaintiffs, who worked as office cleaners in buildings surrounding the World Trade Center disaster site on and after the terrorist attacks of September 11, 2001, appeal from an Order of the United States District Court for the Southern District of New York (Hellerstein, *J.*) denying their motion for an extension of time to comply with the district court's prior Order requiring them to submit properly certified discovery responses, and dismissing their complaints with prejudice for failure to prosecute their cases. The district court rejected 85 of the plaintiffs' interrogatory answers as not compliant with 28 U.S.C. § 1746, which provides that where the truth of a writing is required by law to be sworn to, a written certification by the declarant that the writing is "true and correct" "under penalty of perjury" shall be sufficient. After granting

2

three enlargements of time to submit interrogatory answers with compliant certifications, the district court dismissed these 85 plaintiffs' claims, along with the claims of 85 other plaintiffs who submitted answers with no declaration at all. We affirm the judgment of the district court.

**BACKGROUND**

Plaintiffs' claims, which allege injuries resulting from exposure to toxic materials from the World Trade Center site, were consolidated before Judge Alvin K. Hellerstein of the Southern District of New York on one of the three "master dockets" of cases arising out of the terrorist attacks of September 11, 2001.[1] Following a status conference on August 2, 2011, the court, in an order issued August 29, 2011, directed the parties to meet and confer with Special Masters to devise a list of questions that each plaintiff "must answer, and swear to personally by their own signature." The order also provided that the interrogatories were to be completed in a "timely fashion," and that "[a]ny Plaintiff who fails to fill out his or her questionnaire in a time period that enables the other aspects of this discovery program to proceed shall be liable to be dismissed for failure to prosecute their case." Plaintiffs' Liaison Counsel then moved to relax the requirement that interrogatory answers be sworn or, alternatively, to extend the time period to submit compliant certifications. The district court denied the primary relief sought, citing 28 U.S.C. § 1746 and noting that Federal Rule of Civil Procedure 33 requires that interrogatories be answered "by the party," that they be answered "separately and fully in writing under oath," and that they be signed. The court indicated that it "would not make exceptions to this requirement." The court did, however, extend the deadline to submit compliant answers to October 31, 2011 and noted that "[t]here are not likely to be any further enlargements of time."

---

[1] These master dockets are: 21MC100 (claims of persons working within the World Trade Center site and other City-owned sites), 21MC102 (claims of persons working as office cleaners in buildings surrounding the World Trade Center site—the cases considered in this appeal), and 21MC103 (so-called "straddler" claims of persons who worked both within and without the World Trade Center site).

On November 1, 2011, one day past the deadline, the parties submitted to the district court a joint request to relax the requirement, imposed in a prior order, that unsworn answers be purged from the master docket's information computer database. The district court denied this request, noting that at a status conference on October 18, 2011, the court had stated to plaintiffs' counsel: "Let me be clear on this . . . . There are two ways to swear in federal procedure: one is to take an oath before a person qualified to administer an oath; the second is to use a form of declaration provided in Title 28. Those are the only two ways." The court noted that some of the answers submitted by plaintiffs included a certification in which the declarant attested to the truth of his or her answers and acknowledged that "if any of the foregoing responses are willfully false, I am subject to punishment." Quoting 28 U.S.C. § 1746, the court held that the certification supplied was not in compliance with that statute. The court also ordered the approximately 178 plaintiffs who had submitted answers that were neither sworn to nor certified in any way and the approximately 1155 plaintiffs who had submitted noncompliant certifications to show cause by November 18, 2011 why their cases should not be dismissed pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute or otherwise be sanctioned.

On November 14, 2011, plaintiffs filed a motion for an enlargement of time to provide updated certifications until December 2, 2011. Notwithstanding its prior order, the court granted the motion, set forth a revised schedule for the Special Masters to select their cases for discovery, and provided that "[n]o further enlargements will be granted."

The December 2 deadline passed. One day later, plaintiffs filed a motion to enlarge the time to January 2, 2012 for the remaining 170 plaintiffs who had not submitted compliant certifications. Of these 170 plaintiffs, 85 plaintiffs had previously submitted a noncompliant certification, and another 85 had submitted no certification or declaration at all. The district

4

court denied the motion and dismissed those 170 cases with prejudice for failure to prosecute their cases consistent with court orders.[2]  The court noted that "[t]hese Plaintiffs have been indifferent to court orders, despite repeated adjournments," and that "[a]ll but a few of the 170 cases are three to five years old."  Plaintiffs now appeal this order.

## DISCUSSION

We review for abuse of discretion a district court's order dismissing a claim for failure to prosecute.  *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).  A district court exceeds the bounds of its discretion if its decision is based on an error of law or a clearly erroneous finding of fact.  *Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004).  Plaintiffs raise two arguments on appeal.  First, they argue that the district court improperly dismissed their complaints without providing them adequate time or notice to comply with the court's prior orders and without a claim by defendants asserting they were prejudiced by plaintiffs' failure to comply.  Second, plaintiffs argue that the court erred as a matter of law by finding that the certification employed by plaintiffs was not in substantial compliance with the certification provided in 28 U.S.C. § 1746.  We address these arguments in turn.

In reviewing a district court's dismissal for failure to prosecute, we consider "whether: (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions."  *Drake*, 375 F.3d at 254.  No single factor is dispositive.  *Id.*

_____

[2] In the same order, however, the court permitted plaintiffs affected by the order to move to reopen their cases by January 2, 2012, provided the moving plaintiff shows a ground for reopening cognizable under Federal Rule of Civil Procedure 60(b).

An assessment of these factors as applied to the record before us leads us to conclude that the district court acted well within its discretion in dismissing certain plaintiffs' complaints for failure to comply with repeated court orders despite numerous extensions of time to do so. At the August 2, 2011 status conference, at which the court set a rough schedule for discovery and other pretrial issues, plaintiffs made no mention of an inability to compile and submit interrogatory answers by the set deadline. Following this conference, plaintiffs were given clear and repeated notice that timely submission of answers to the court-ordered interrogatories was integral to the swift progression of these cases. The district court's August 29, 2011 order, which set forth the initial discovery schedule, impressed upon plaintiffs the consequences of a failure to submit timely interrogatory answers:

> All Plaintiffs and Defendants are required to complete the questionnaires in a timely fashion. Any Plaintiff who fails to fill out his or her questionnaire in a time period that enables the other aspects of this discovery program to proceed shall be liable to be dismissed for failure to prosecute their cases.

Order Amending Summary Order – August 2, 2011 Conference, August 29, 2011, Dist. Ct. Doc. No. 4080, at 1-2. This language clearly indicates not only the court's expectation that submissions be timely but also the reason that timely compliance with discovery orders was important in this complex litigation—because other aspects of the discovery program depended on the assembly of a comprehensive database of sworn interrogatory answers.

Notwithstanding the expressed need for timely submission of plaintiffs' answers, the court thrice extended the deadline for submission of properly certified answers. Importantly, two of these extensions were granted notwithstanding that plaintiffs' request for additional time was made after the previously set deadline to submit compliant answers had passed. Even after the order granting a third extension, in which the court warned that "[n]o further enlargements [of

6

time] will be granted," Liaison Counsel for plaintiffs moved for another enlargement of time to permit 170 plaintiffs to submit compliant answers. Having provided the notice that plaintiffs were receiving their final extension—a notice we deem sufficient under the circumstances—the district court did not err in denying plaintiffs' request for a fourth extension.

Moreover, in complex cases such as these, we afford district courts particular deference in reviewing a discretionary determination undertaken to manage the litigation before the court. It is well established that district courts possess the "inherent power" and responsibility to manage their dockets "so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Such authority is particularly acute where the litigation is "complex and continuing." *In re Joint Eastern & Southern District Asbestos Litig.*, 982 F.2d 721, 733 (2d Cir. 1992). The district court was tasked with managing litigation of a substantial age involving claims brought by approximately 1500 plaintiffs. We have no trouble, therefore, concluding that the court did not exceed the bounds of its discretion in dismissing the noncompliant plaintiffs' complaints.

Plaintiffs advance a second argument with respect to a number of interrogatory responses that bore what purported to be some form of certification. They assert that the court erred as a matter of law in ruling that the certification employed by some 85 of the 170 plaintiffs whose complaints were dismissed was not in substantial compliance with the requirements of 28 U.S.C. § 1746.[3] The certifications submitted by these plaintiffs read: "I verify that the foregoing

---

[3] 28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States . . . , any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same . . . , such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is

responses are true and correct to my knowledge. I am aware that if any of the foregoing responses are willfully false, I am subject to punishment." Pl.'s Br. at 7. Plaintiffs do not contend that § 1746 is inapplicable to their answers to interrogatories. Rather, they maintain that the phrase "subject to punishment" is substantially similar to "under penalty of perjury," the language which appears in the certification provided in the statute. This argument is unavailing.

Section 1746 provides that an unsworn matter may be treated as sworn, provided that it is "prove[n] by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, *as true under penalty of perjury*, and dated, in substantially the . . . form" of the model declaration provided. 28 U.S.C. § 1746 (emphasis added). Parsing the declaration provided in the statute reveals its substantive elements: the declarant must (1) "declare (or certify, verify, or state)," (2) "under penalty of perjury," (3) that the matter sworn to is "true and correct." *Id.* The substitution of "subject to punishment" for "under penalty of perjury" is a substantial departure from the substance of the declaration provided in § 1746, and thus, does not comply with the statute. Inclusion of the language "under penalty of perjury" is an integral requirement of the statute for the very reason that it impresses upon the declarant the specific punishment to which he or she is subjected for certifying to false statements. Moreover, as the Fifth Circuit has observed, omission of the phrase "under penalty of perjury" would "allow[] the affiant to circumvent the penalties for perjury in signing onto intentional

subscribed by him, as true under penalty of perjury, and dated, in substantially the following form:

* * *

(2) If executed within the United States, its territories, possessions, or commonwealths: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

(Signature)".

8

falsehoods." *Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).[4] We hold

that 28 U.S.C. § 1746 requires that a certification of the truth of a matter be expressly made

under penalty of perjury. Any other result would be contrary to the plain language of the statute

and the objective sought to be advanced by it.

The district court did not err as a matter of law in interpreting § 1746 to require that a

certification be made "under penalty of perjury." Thus, the district court properly rejected the

interrogatory answers of certain plaintiffs that omitted that language.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

[4] We also note that the various published district court opinions which have addressed the matter are in accord. *See, e.g., Cooper v. Cape May Cnty. Bd. of Soc. Servs.*, 175 F. Supp. 2d 732, 742 n.6 (D.N.J. 2001) (rejecting declaration which was "not made specifically under penalty of perjury" and which thus "d[id] not contain the requisite assurance of reliability and veracity to allow their consideration in lieu of an affidavit"); *Kersting v. United States*, 865 F. Supp. 669, 676 (D. Haw. 1994) (rejecting plaintiffs' argument that a certification is insufficient and noting that "[a]s long as an unsworn declaration contains the phrase 'under penalty of perjury' and states that the document is true, the verification requirements of 28 U.S.C. § 1746 are satisfied").