15-3446-cv
*SEC v. Aaron*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of December, two thousand sixteen.

Present:
>PETER W. HALL,
>DEBRA ANN LIVINGSTON,
>>*Circuit Judges*,
>NICHOLAS G. GARAUFIS,*
>>*District Judge*.

---

U.S. SECURITIES AND EXCHANGE COMMISSION,

>>*Appellee*,

>v.                                                                      15-3446-cv

ERIC J. ARONSON, VINCENT J. BUONAURO, JR., ROBERT S. KONDRATICK, PERMAPAVE INDUSTRIES, LLC, PERMAPAVE USA CORP., PERMAPAVE DISTRIBUTIONS, INC., VERIGREEN, LLC, AND INTERLINK-US-NETWORK, LTD.,

>>*Defendants*,

CAROLINE ARONSON, DEBORAH BUANAURO, DASH DEVELOPMENT, LLC, ARON HOLDINGS, INC.,

---

* Judge Nicholas G. Garaufis, United States District Court for the Eastern District of New York, sitting by designation.

1

15-3446-cv
*SEC v. Aaron*

PermaPave Construction Corp., DymonCrete Industries, LLC, Dymon Rock LI, LLC, and Lumi-Coat, Inc.,

        *Relief Defendants,*

Fredric H. Aaron,

        *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Paul G. Alvarez, Senior Counsel, Anne K. Small, General Counsel, Sanket J. Bulsara, Deputy General Counsel, Michael A. Conley, Solicitor, Tracey A. Hardin, Assistant General Counsel, United States Securities and Exchange Commission, Washington, D.C. |
| For Appellant: | Andrew M. St. Laurent, Harris, St. Laurent & Chaudhry LLP, New York, New York. |

---

Appeal from a judgment of the United States District Court for the Southern District of New York (Rakoff, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Fredric H. Aaron appeals from a final judgment entered in favor of Plaintiff-Appellee United States Securities and Exchange Commission by the United States District Court for the Southern District of New York. Aaron challenges both the district court's order to brief the issue of monetary relief after Aaron conceded liability and the substance of the monetary relief imposed. We assume the parties' familiarity with the underlying facts, the procedural history, and the district court's rulings that form the basis of this appeal.

2

We review district court "determination[s] undertaken to manage the litigation before the court" for abuse of discretion. *In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013). We likewise review orders of disgorgement and the imposition of civil penalties for abuse of discretion. *SEC v. Kern*, 425 F.3d 143, 153–54 (2d Cir. 2005); *SEC v. Warde*, 151 F.3d 42, 49 (2d Cir. 1998). The interpretation of the terms of a settlement agreement approved by the district court is subject to *de novo* review. *See United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen and Helpers of Am., AFL-CIO*, 141 F.3d 405, 408 (2d Cir. 1998).

With respect to the district court's briefing order, we find no abuse of discretion. "It is well established that district courts possess the 'inherent power' and responsibility to manage their dockets 'so as to achieve the orderly and expeditious disposition of cases.'" *In re World Trade Ctr.*, 722 F.3d at 487 (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). The district court exercised its sound discretion here in ordering briefing on the monetary relief after waiting more than a year for the criminal case to resolve. Further, Aaron identifies no cognizable prejudice that he suffered from the district court's actions.

It is true as a general matter that consent judgments are "construed largely as contracts." *United States v. Apple, Inc.*, 791 F.3d 290, 337 (2d Cir. 2015) (quoting *SEC v. Citigroup Glob. Mkts., Inc.*, 752 F.3d 285, 297 (2d Cir. 2014)) (alterations omitted). And it is also true that a district court generally has a "duty to enforce the stipulation that it has approved." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734,

737 (2d Cir. 2000). But it is not true that the district court was bound by the provision Aaron cites here. The cases that Aaron cites do not stand for the broad proposition that consent agreements conclusively bind a district court's procedures. *See Citigroup Glob. Mkts., Inc.*, 752 F.3d 285 (addressing a district court's refusal to approve a consent agreement in the first place); *Geller*, 212 F.3d 734 (dealing with sealing case documents, a power not possessed by the parties); *City of Hartford v. Chase*, 942 F.2d 130 (2d Cir. 1991) (concerning district court's interpretation of a confidentiality order that was contrary to the plain text of the consent agreement).

Here, the briefing provision contemplated that the parties would *propose* a briefing schedule after the conclusion of Aaron's criminal case. By its plain language, it did not conclusively bind the district court to any particular briefing schedule, nor did it limit the district court's inherent power to manage its docket. *See In re World Trade Ctr.*, 722 F.3d at 487. And unlike *Citigroup*, *Geller*, and *City of Hartford*, the briefing provision did not reach any substantive issue. It merely set out the procedure by which monetary relief would be determined after Aaron conceded liability. As such, there is no basis in this Court's precedents to conclude that the district court was conclusively bound to wait (perhaps indefinitely) to resolve the only issues remaining in the case.

Nor do we find that Aaron suffered any cognizable prejudice as a result of the briefing order. First, "[a] defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (quoting

4

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir. 1995)); *see also Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986) ("[T]he Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." (quoting *SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C. Cir. 1980) (en banc))). Thus, the "dilemma demanding a choice between complete silence and presenting a defense has never been thought an invasion of the privilege against self-incrimination." *Williams v. Florida*, 399 U.S. 78, 84 (1970). Moreover, any speculation about how the SEC or the district court would have acted had the criminal case concluded first is not prejudice in any cognizable sense.

With respect to the substance of the relief ordered, we also conclude that the district court did not abuse its discretion. District courts enjoy "broad equitable power to fashion appropriate remedies" for federal securities law violations, "including ordering that culpable defendants disgorge their profits." *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1474 (2d Cir. 1996). "The amount of disgorgement ordered need only be a reasonable approximation of profits causally connected to the violation." *SEC v. Razmilovic*, 738 F.3d 14, 31 (2d Cir. 2013) (quoting *SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1475 (2d Cir. 1996)). The SEC must first establish "a reasonable approximation of the profits causally related to the fraud," then the burden shifts to the defendant "to show that his gains 'were unaffected by his offenses.'" *Id.* (quoting *SEC v. Lorin*, 76 F.3d 458, 462 (2d Cir. 1996)).

First, the district court did not abuse its discretion in ordering disgorgement of the $282,580 paid to Aaron from accounts containing investor funds. Even if some

portion of Aaron's work was otherwise legitimate, performing that work for an organization that is built entirely on a fraudulent scheme still creates a causal connection to the ill-gotten gains. And despite some $600,000 in legitimate sales, the record makes clear that the object of the organization was to perpetrate the $26 million fraud.

Second, ordering disgorgement of $212,500—representing the fair market value of Aaron's Interlink shares—was not an abuse of discretion. This Court has long held that disgorgement of "unrealized gains" is proper in some circumstances. *See SEC v. Commonwealth Chem. Sec., Inc.*, 574 F.2d 90, 102 (2d Cir. 1978) (declining to give securities laws violators "credit for the fact that they had not succeeded in unloading all their purchases at the time when the scheme collapsed"); *SEC v. Shapiro*, 494 F.2d 1301, 1309 (2d Cir. 1974) (upholding disgorgement of "paper profits" even though the defendant had to surrender more than he actually made). Here, it was not error for the district court to decline to credit Aaron for the fact "that he was unable to keep up the ruse long enough to sell the shares at a high price and therefore never realized the value of the shares in the form of cash or other liquid investments." J.A. 697.

Third, the district court did not abuse its discretion in imposing joint and several liability for $1,053,175 in transfers to unknown payees. Aaron argues that because he is a secondary violator, joint and several liability was inappropriate. Appellant's Br. at 33–34. That argument fails because a defendant's status as a secondary violator does not disturb the broad discretion district courts have in

ordering joint and several liability. *See SEC v. AbsoluteFuture.com*, 393 F.3d 94, 97 (2d Cir. 2004). Further, there is sufficient proof that the defendants here closely collaborated with each other and shared in the unaccounted-for profits: Aaron was the sole signatory on at least one of the accounts, one of a handful of signatories on others, and the defendants paid each other in cash from PermaPave accounts.

Finally, we find no error in the district court's imposition of a $250,000 civil penalty. Under 15 U.S.C. §§ 77t(d)(2)(B) and 78u(d)(3)(B)(ii), "second tier" civil penalties are appropriate if the securities violation "involve[s] fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement."

"Beyond setting maximum penalties, the statutes leave 'the actual amount of the penalty . . . up to the discretion of the district court.'" *Razmilovic*, 738 F.3d at 38 (quoting *Kern*, 425 F.3d at 153). In deciding the penalties, district courts weigh: (1) the egregiousness of the defendant's misconduct; (2) the degree of the defendant's scienter; (3) whether the defendant's misconduct created substantial losses or the risk of substantial losses to other persons; (4) whether the defendant's misconduct was isolated or recurrent; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition. *SEC v. Milligan*, 436 F. App'x 1, 3 (2d Cir. 2011).

None of Aaron's challenges to the civil penalty are persuasive. The securities laws provide for penalties up to the full amount of a violator's gross pecuniary gains. 15 U.S.C. §§ 77t(d)(2)(B), 78u(d)(3)(B)(ii). The penalty here reached only a portion of that amount. Further, the district court reasonably credited Aaron's

"blatant abuse of his position and knowledge as a [former SEC] lawyer" and his willing participation in the scheme "to take advantage of . . . unwitting and unsophisticated investors" even after those investors noted that his presence reassured them that the investments were safe. J.A. 700–01. Finally, contrary to Aaron's assertion, the district court did examine his ability to pay and reasonably concluded that his monthly income of $13,000 did not render a civil penalty inappropriate.

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk