Monclova v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of June, two thousand eighteen.

PRESENT:
> DENNIS JACOBS,
> DENNY CHIN,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

---

CELESTINO P. MONCLOVA,

> *Plaintiff-Appellant*,

v.                                                                17-1456

CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF CORRECTIONS, DORA
B. SCHRIRO, Commissioner for the New York
City Department of Correction, DEANNA G.
LOGAN, Assistant Commissioner for Trials &
Litigations Division, EVELYN MIRABAL, Chief
for the New York City Department of
Correction, FELENE BREELAND, Deputy
Warden of Security, CAPTAIN DELCIS
FERRERAS (Shield #1071), CAPTAIN
MARGREATA THOMPSON (Shield #1311),
CAPTAIN CASWELL SAMMS (Shield #483),
and CAPTAIN KRISTINE MCCORMICK
(Shield #1619),

*Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:           Celestino P. Monclova, pro se, Laurelton, NY.


FOR DEFENDANTS-APPELLEES:           Daniel Matza-Brown, Assistant Corporation Counsel, *for* Zachary W. Carter, Corporation Counsel of the City of New York (Susan P. Greenberg, *on the brief*), New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Celestino P. Monclova, pro se, sued his former employer, the City of New York, and former supervisors and executives under Title VII of the Civil Rights Act of 1964 ("Title VII") and state law for retaliation, alleging that he was disciplined and fired from his job as a corrections officer in retaliation for making numerous health, safety, and discrimination reports. Monclova appeals from the dismissal of his complaint on summary judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a grant of summary judgment de novo, "resolv[ing] all ambiguities and draw[ing] all inferences against the moving party." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 126–27 (2d Cir. 2013) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

We conclude that the district court properly granted summary judgment to the defendants. The district court determined that Monclova's claims were barred by res judicata, and, in the alternative, that Monclova failed to offer sufficient evidence of retaliation. The defendants offered evidence of a legitimate, non-retaliatory reason for Monclova's termination. *See Kirkland v. Cablevision Sys.*, 760 F.3d 223, 225 (2d Cir. 2014). We affirm on the second ground for substantially the reasons stated by the district court in its thorough March 31, 2017 decision. Several points warrant brief discussion.

The district court did not err in concluding that no reasonable jury could find that Monclova was subjected to actionable retaliation or discrimination. Defendants presented evidence of five incidents of inappropriate behavior, which resulted in Monclova's discipline and discharge. The facts of these incidents were largely undisputed. For both use-of-force incidents, witness statements and video surveillance footage showed that Monclova's response was excessive and unprovoked. Monclova submitted no evidence of ulterior motive in charging him for using

excessive force.  Therefore, the district court correctly determined that the defendants proffered unrebutted evidence of a legitimate, non-retaliatory reason for Monclova's discipline and termination, and that Monclova had failed to demonstrate a triable issue of fact as to whether that reason was pretextual.

Monclova argues that the district court should have considered his nonparty interrogatories because it accepted similar nonparty statements from the defendants.  This too is meritless.  A district court's decision to disregard summary judgment evidence is reviewed for manifest error. *Nora Beverages, Inc. v. Perrier Grp. of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998).  "[A] party opposing a properly supported motion for summary judgment . . . must show that there is admissible evidence sufficient to support a finding in her favor on the issue that is the basis for the motion." *Fitzgerald v. Henderson*, 251 F.3d 345, 360-61 (2d Cir. 2001) (citing former Fed. R. Civ. P. 56(e)); *see also* Fed. R. Civ. P. 56(c) (permitting a party to cite interrogatory answers in support of or in opposition to summary judgment, and permitting a party to object that such evidence cannot be presented in an admissible form).  Although formal affidavits are not required to raise a genuine dispute of material fact, unsworn statements must conform with 28 U.S.C. § 1746, which requires that the unsworn statement contain the phrase "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct."  *See* Fed. R. Civ. P. 56(c), cmt. to 2010 amendment; 28 U.S.C. § 1746.  None of Monclova's interrogatories were sworn under oath. Therefore, the district court did not err in disregarding them.  *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 488 (2d Cir. 2013) (affirming district court's rejection of interrogatories that omitted § 1746's requirements).

Further, the district court did not accept similarly flawed statements from the defendants. Although Monclova does not specify what the accepted nonparty statements were, the defendants offered excerpts of testimony from the disciplinary hearing.  Not only is there a possibility that the corrections officers could testify at a later trial, but the former testimony itself could be admissible. *See Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2d Cir. 1997) (evidence is "admissible" for summary judgment purposes if it would later be admissible at trial); Fed. R. Evid. 804(b)(1) (permitting admission of former testimony when the declarant is unavailable); Fed. R. Evid. 807 (residual hearsay exception).

We have considered all of Monclova's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3