22-815-cv
*Mirza v. Orange Reg'l Med. Ctr.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

> **At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand twenty-four.**

PRESENT:
> DENNIS JACOBS,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

Tahira F. Mirza,

> *Plaintiff-Appellant*,

> v.                                                                                  22-815-cv

Orange Regional Medical Center; Garnet Health,
FKA Greater Hudson Valley Health System, Inc.;
Dr. Gerard Galarneau; Jerry Dunlavey, MBA;
James Oxley; Dr. Mohammad Siddiqui; Garnet
Health Doctors, P.C., FKA GHVHS Medical
Group, P.C.; Garnet Health Medical Center, FKA
Orange Regional Medical Center,

> *Defendants-Appellees*.

_____

FOR PLAINTIFF-APPELLANT:                                         TAHIRA F. MIRZA, *pro se*,
Hartford, CT.

FOR DEFENDANTS-APPELLEES:                    JOSEPH A. SACCOMANO, JR.,
Jackson Lewis P.C.,
White Plains, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Philip M. Halpern, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

\*     \*     \*

Dr. Tahira Mirza, now proceeding *pro se*, brought a lawsuit against her former employer and associated individuals and entities, claiming primarily that she had been the victim of unlawful retaliation in violation of the federal and New York False Claims Acts ("FCA"), 31 U.S.C. § 3730(h) and N.Y. State Fin. Law § 191(1), for objecting to "upcoding" billing practices that, in her view, constituted Medicare and Medicaid Fraud. Mirza's counseled operative complaint also contained a variety of other New York common law and statutory claims. For instance, she brought a claim under New York's health care whistleblower law, N.Y. Lab. Law § 741, as well as a claim for retaliatory defamation related to a reference letter recommending Mirza "with reservations."

After denying two of her motions to compel discovery and declining to vacate or modify a confidentiality stipulation, the district court granted the defendants' motion for summary

2

judgment. The district court concluded that Mirza had not demonstrated a prima facie FCA claim because the record did not show activity protected by the FCA, an adverse action, or but-for causation. *See Mirza v. Garnet Health*, No. 20-CV-00556 (PMH), 2022 WL 826410, at *9–13 (S.D.N.Y. Mar. 17, 2022). The district court held that Mirza's other state law claims failed because, among other things, she had failed to identify a law relating to patient care that the defendants allegedly violated, and because a broad release she had signed immunized the defendants from liability in connection with the allegedly defamatory reference statement. *See id.* at *13–16. Mirza appealed. We assume the parties' familiarity with the remainder of the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Discovery and Confidentiality Stipulation

We review the denial of a motion to compel discovery for abuse of discretion. *See In re 650 Fifth Ave. and Related Props.*, 934 F.3d 147, 156 (2d Cir. 2019). A district court abuses its discretion in this context "only when the discovery is so limited as to affect a party's substantial rights." *Clark v. Hanley*, 89 F.4th 78, 91 (2d Cir. 2023) (quoting *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2008)). We also review a decision declining "to vacate or modify a protective order for abuse of discretion." *Gambale v. Deutsche Bank AG*, 377 F.3d 133, 139 (2d Cir. 2004).

The district court did not abuse its discretion in issuing the challenged orders. Mirza fails to explain how her substantial rights were violated by the district court's decision denying her motions to compel. Regarding the stipulation, a court generally should not modify a protective

3

order when a party has reasonably relied on it, absent extraordinary circumstances or a compelling need. *See S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001). Here, the defendants provided discovery in reliance on the confidentiality stipulation, and Mirza has not met her burden of showing extraordinary circumstances or a compelling need to vacate or modify it.[1]

## II.    Summary Judgment

We review the summary judgment decision *de novo*, viewing the record and drawing all reasonable inferences in Mirza's favor. *See Sotomayor v. City of New York*, 713 F.3d 163, 164 (2d Cir. 2013) (per curiam). "Summary judgment is appropriate only when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

The district court concluded that Mirza's FCA claims failed due in part to a lack of evidence showing a causal connection between the protected activity and adverse actions. Mirza has not addressed the district court's holding on this point and references causation only in passing on appeal. Causation—a showing that an adverse action was taken *because* an employee engaged in a protected activity—is a necessary element of an FCA retaliation claim under both federal and state law. *See United States ex rel. Chorches for Bankr. Est. of Fabula v. Am. Med. Response, Inc.*, 865 F.3d 71, 95 (2d Cir. 2017); *see also Comptroller of City of N.Y. v. Bank of N.Y. Mellon*

---

[1] Mirza also raises arguments relating to the district court's management of the summary judgment process; for instance, she contends that the district court erred in striking her re-filed opposition papers as an unauthorized sur-reply. A review of the challenged rulings reveals no abuse of the district court's considerable discretion to direct and manage its docket. *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013) (emphasizing the "particular deference" we afford to a district court in reviewing its discretionary determinations for orderly and expeditious litigation management).

4

*Corp.*, 200 A.D.3d 58, 60 (1st Dep't 2021) (applying federal FCA standard to New York's FCA). By extension, a failure to meaningfully argue causation on appeal amounts to the functional abandonment of Mirza's FCA claims. *See Gerstenbluth v. Credit Suisse Sec. (USA) LLC*, 728 F.3d 139, 142 n.4 (2d Cir. 2013) (Notwithstanding the latitude traditionally accorded to them, *pro se* litigants abandon arguments that are raised only "obliquely and in passing."); *see also McCarthy v. S.E.C.*, 406 F.3d 179, 186 (2d Cir. 2005) ("[W]e need not reach McCarthy's due process and evidentiary challenges because an independent ground for the Commission's decision remains unchallenged."). Were we to excuse Mirza's forfeiture, we would affirm on the merits because Mirza failed to create a triable issue of fact on whether the non-retaliatory reasons for the defendants' actions were mere pretext for retaliation. *See Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013).[2]

Along the same lines, Mirza has abandoned her other New York statutory and common law claims by failing to address all of the grounds upon which the district court relied in granting summary judgment. For instance, the district court ruled that claims arising out of the allegedly defamatory reference were barred by the valid release that Mirza signed. But Mirza does not challenge the validity of the release or argue that the defendants' alleged conduct does not fall

---

[2] In granting summary judgment, the district court evaluated the alleged adverse actions under the standard applicable to Title VII *discrimination* claims, which requires "a materially adverse change in the terms and conditions of employment" that is "more disruptive than a mere inconvenience or an alteration of job responsibilities." *Mirza*, 2022 WL 826410, at \*11 (quoting *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 85 (2d Cir. 2015)). But the standard for *retaliation* claims is less onerous, covering any action that "could well dissuade a reasonable worker from making or supporting a charge of discrimination," *Vega*, 801 F.3d at 90 (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 57 (2006)), and reaching "a broader range of conduct than does the adverse-action standard for claims of discrimination under Title VII," *id.* We need not determine whether the district court's decision on this ground is open to challenge because the FCA claims fail for the reasons discussed *supra*.

within the scope of the release. Thus, she has forfeited any challenge to this part of the district court's order. *See Gerstenbluth*, 728 F.3d at 142 n.4.

*  *  *

We have considered Mirza's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court