*Gorawara v. Caprio*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of June, two thousand twenty-five.

PRESENT:
> WILLIAM J. NARDINI,
> EUNICE C. LEE,
> SARAH A. L. MERRIAM,
> *Circuit Judges*.

_____

RAHUL GORAWARA,

> *Plaintiff-Appellant*,

> v.                                                                          24-17-cv

JOHN CAPRIO, INDIVIDUALLY AND AS ADMINISTRATOR OF THE ESTATE OF CAROLYN CAPRIO,

> *Defendant-Appellee.*\*

_____

*For Plaintiff-Appellant*:                          Rahul Gorawara, *pro se*, Albany, NY.

_____

\* The Clerk of Court is respectfully directed to amend the caption as reflected above.

*For Defendant-Appellee:*                    Richard F. Connors, Richard F. Connors
                                             P.C., North Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Chief Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Rahul Gorawara, a *pro se* licensed attorney,[1] appeals from a judgment of the United States District Court for the District of Connecticut (Michael P. Shea, *Chief Judge*) entered on September 21, 2023. In May 2019, Gorawara, then a *pro se* law student,[2] commenced this action against John and Carolyn Caprio, his former landlords, alleging that they had committed various federal and state violations by racially discriminating against him and evicting him. As relevant here, Gorawara claimed that Carolyn Caprio engaged in intimidation and race discrimination against him in violation of the Fair Housing Act, 42 U.S.C. § 3617, and committed deceptive acts in connection with renting an apartment to him in violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a *et seq.* On October 6, 2021, John Caprio notified the court that Carolyn had died on April 29, 2021. On August 31, 2022, at a pre-trial conference, the district court proposed *sua sponte* that Gorawara file an amended complaint removing Carolyn Caprio as a defendant and substituting John Caprio as the Administrator of the Estate of Carolyn Caprio, and that John Caprio file a petition in Connecticut probate court to be appointed administrator. Defense counsel agreed and Gorawara did not object. The court

---

[1] Although Gorawara is proceeding *pro se*, he is not owed the special solicitude ordinarily granted to *pro se* litigants because, as an attorney, he is not a typical *pro se* litigant. *See Cox v. Dep't of Just.*, 111 F.4th 198, 207 (2d Cir. 2024).

[2] By the time of trial, Gorawara was a licensed attorney proceeding *pro se*.

2

memorialized that plan in an order. The next day, Gorawara filed his Third Amended Complaint, with a caption that included the remaining defendant, "John Caprio, individually and as Administrator of the Estate of Carolyn Caprio." Following a trial, a jury found in favor of the defendant as to all but two claims: slander and negligent infliction of emotional distress, against Carolyn Caprio. Gorawara subsequently moved for a new trial, but the district court denied that motion.

On appeal, Gorawara alleges jurisdictional error by the district court in entering its pre-trial scheduling order, as well as errors in both the district court's jury instructions and its denial of Gorawara's request for leave to amend his complaint a fourth time. We disagree with Gorawara and therefore affirm. We assume the parties' familiarity with the case.

## I. District Court's Order

Gorawara first contends that the district court improperly issued an order forcing him to amend his complaint and proceed to trial before a probate court appointed a legal representative of Carolyn Caprio's estate. Specifically, he claims that the district court's order prejudiced him and that the court lacked legal authority, under Connecticut law, to appoint John Caprio as the administrator of Carolyn's estate.

Gorawara's argument misinterprets the record. The district court did not purport to appoint John Caprio as the administrator of Carolyn's estate. Rather, after discussion among the parties and the district court at the pre-trial conference, counsel for John Caprio informed the court of his conclusion that the best option for his client would be to petition the probate court to be administrator of Carolyn's estate. Accordingly, to ensure that the matter would be promptly resolved before the scheduled jury trial, the court entered an order memorializing the discussed timeline for Gorawara to amend the caption of his complaint to name John Caprio in his capacity

3

as the administrator of the estate of Carolyn Caprio, and for John to petition the probate court for that designation. This action was a proper exercise of the court's "inherent power and responsibility to manage [its] dockets so as to achieve the orderly and expeditious disposition of cases." *See In re World Trade Ctr. Disaster Site Litig.*, 722 F.3d 483, 487 (2d Cir. 2013).[3]

## II.     Jury Instructions

Next, Gorawara challenges the district court's rejection of two proposed jury instructions. "When a challenge to a jury instruction has been preserved for appeal by a timely objection at trial, we review the instruction *de novo*." *Innomed Labs, LLC v. ALZA Corp.*, 368 F.3d 148, 155 (2d Cir. 2004). We have said that "[a] jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law," *id.*, but that "[a] party is not entitled to have the court give the jury an instruction for which there is no factual predicate in the trial record," *McCardle v. Haddad*, 131 F.3d 43, 52 (2d Cir. 1997).

First, as to his Fair Housing Act claim, Gorawara asked that the jury be instructed that the law prohibits discrimination against any person on the basis of "race or religion" instead of just on the basis of "race." App'x at 324. The court rejected this request, stating that there was "no claim of religious discrimination in the case." *Id.* Gorawara fails to provide any citations to the trial record to demonstrate that there was a factual predicate for a religious discrimination claim, and we have not identified any. Gorawara relies on allegations in his complaint that, in violation of Conn. Gen. Stat. § 52-571c (Connecticut's anti-intimidation law), "Carolyn Caprio and her agents acted with specific intent to intimidate and harass [him] based on their perceptions of his race, religion, and ethnicity." App'x at 193. But after a trial, unsupported allegations in a complaint

---

[3] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

are not enough. Gorawara was required to introduce evidence of religious discrimination at trial to justify his requested jury instruction. *See McCardle*, 131 F.3d at 52. He failed to do so, and the district court therefore did not err in this regard.

Second, as to the CUTPA claim, Gorawara asked the district court to instruct the jury on the proscription of retaliatory evictions under Conn. Gen. Stat. § 47a-20. The court refused to do so because Gorawara had not pled a violation of that law. We agree. Federal Rule of Civil Procedure 8(a)(2) requires a plaintiff to plead a "short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 70 (2d Cir. 2014). "Fair notice," in turn, "is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995). Here, the district court acknowledged that Gorawara included a citation to Section 47a-20 in his Third Amended Complaint, but not in the context of his CUTPA claim. Instead, Gorawara cited Section 47a-20 in connection with a due process claim he had brought under 42 U.S.C. § 1983, alleging that state law did not provide residential tenants with sufficient time to file pleadings in summary proceedings. That citation, in reference to a completely different legal issue, does not amount to a "short and plain statement" of a CUTPA claim premised on a violation of Section 47a-20, and so we discern no error in the district court's decision to decline to issue a jury instruction on that provision.

## III.  Denial of Leave to Amend

Lastly, Gorawara challenges the district court's denial of his motion to amend his complaint for a fourth time—to add a citation to Section 47a-20 in his CUTPA claim—at the jury

charge conference. The district court denied the motion for the same reasons it denied Gorawara's request for a jury instruction: Gorawara's complaint had given no indication that his CUTPA claim was based on Section 47a-20, so it would violate basic tenets of fair-notice pleading to permit such an amendment without good reason after evidence had already closed. We agree.

"We review a district court's denial of leave to amend for abuse of discretion, unless the denial was based on an interpretation of law, such as futility, in which case we review the legal conclusion *de novo*." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018). Although Federal Rule of Civil Procedure 15(a)(2) "provides that leave to amend shall be freely given when justice so requires," a district court may in its discretion deny leave to amend "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007). Given that Gorawara was granted several opportunities to amend his complaint during this litigation and had never sought to predicate his CUTPA claim on Section 47a-20 before the jury charge conference, we conclude that the district court did not abuse its discretion in denying Gorawara's motion for leave to amend. *See, e.g.*, *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (affirming district court's denial of plaintiff's motion for leave to amend at the summary judgment stage, where it "cannot be said that the original complaint provided fair notice" to the defendant of the proposed new claims).

\*   \*   \*

We have considered Gorawara's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court